UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                Plaintiff,

                                  Crim. No. 11-188 (RHK/SER)
                                  **ORDER**

v.

Joaquin Romero Rosas,

                Defendant.

---

This matter is before the Court upon the Report and Recommendation (Doc. No. 46) of United States Magistrate Judge Steven E. Rau, dated November 23, 2011, recommending that the Court grant in part and deny in part Defendant's Motions (1) to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 21) and (2) to Suppress Statements, Admissions, and Answers (Doc. No. 22).   Both the Government (Doc. No. 49) and Defendant (Doc. No. 50) have filed Objections to the Report and Recommendation.[1]

Pursuant to 28 U.S.C. § 636, the Court has conducted a *de novo* review of the Report and Recommendation and the Objections thereto.   The Court concludes that the Magistrate Judge's recommendation is fully supported by the record and controlling legal principles with respect to the Motion to Suppress Statements (Doc. No. 22).   It also agrees with the Magistrate Judge with respect to the portion of the Motion to Suppress Evidence

---

[1] Neither party has objected to the Magistrate Judge's recommendation that Defendant's Motion to Disclose and Make Informant Available for Interview (Doc. No. 17) be denied.

(Doc. No. 21) regarding the marijuana seized by officers. However, with respect to the seized gun, the Court agrees with the Government that there existed probable cause for the "more thorough" search that revealed it, given the (unchallenged) finding that officers observed marijuana in plain view in Defendant's car. The fact that officers had already searched the vehicle without locating the gun before conducting the second search that uncovered it does not render the latter search invalid. See, e.g., Michigan v. Thomas, 458 U.S. 259, 260-62 (1982) (*per curiam*) (second search of vehicle without warrant lawful due to existence of probable cause to conduct first search); Texas v. White, 423 U.S. 67, 68 (1975) (*per curiam*) ("[P]olice officers with probable cause to search an automobile at the scene where it was stopped [may] constitutionally do so later . . . without first obtaining a warrant."); United States v. Carbajal, No. 11-1276, 2012 WL 28268, at *2-3 (8th Cir. Jan. 5, 2012) (*per curiam*) (unpublished) (affirming denial of motion to suppress drugs uncovered during second search of vehicle even though officer had searched defendant's car during initial traffic stop and did not actually find drugs). Notably, Carbajal undermines Defendant's contention that "additional information [must be] gained by law enforcement between . . . two searches" in order to "create[] a separate, independent probable cause basis" for the second search. (Def. Resp. to Gov't Objections at 5.)

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1. Defendant's Objections (Doc. No. 50) to the Report and Recommendation are **OVERRULED**;

2. The Government's Objections (Doc. No. 49) to the Report and Recommendation are **SUSTAINED**;

3. The Report and Recommendation (Doc. No. 46) is **ADOPTED IN PART**;

4. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 21) is **DENIED**;

5. Defendant's Motion to Suppress Statements, Admissions, and Answers (Doc. No. 22) is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is **GRANTED** to the extent Defendant seeks to suppress statements he made during the squad-car interview (to which the Government has not objected).   In all other respects, the Motion is **DENIED**; and

6. Defendant's Motion to Disclose and Make Informant Available for Interview (Doc. No. 17) is **DENIED**.

Dated: January 17, 2012

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge